IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUSEBIO G. HUERTA, an individual and
LINDA Z. HUERTA, an individual,

       Plaintiffs,

      v.

WELLS FARGO BANK, NATIONAL
ASSOCIATION, a foreign corporation,

       Defendant.

Case. No. 6:16-cv-02045-MC

OPINION AND ORDER

      Plaintiffs Eusebio G. Huerta and Linda Z. Huerta bring this action against Wells Fargo Bank, National Association ("Wells Fargo"). The Huertas allege Wells Fargo was unjustly enriched when it received proceeds of a parcel of land it did not pay for, and breached the warranty of good faith and fair dealing in connection with a vague complaint filed in judicial foreclosure proceedings.

      Wells Fargo argues that the Huertas' claims are barred by issue preclusion, claim preclusion, and Oregon's anti-SLAPP statute. Because the Huerta's unjust enrichment claim was neither litigated in state court, nor required to be raised there as an affirmative defense, it is not barred here. Because the breach of the implied warranty of good faith and fair dealing is a

1—Opinion and Order

contract claim necessarily decided by the state court, the Huertas are barred from raising it here. Wells Fargo's Motion to Dismiss, ECF No. 5, is GRANTED in part and DENIED in part.

## BACKGROUND

In 1998, the Huertas purchased two adjacent parcels in Salem, Oregon. Compl. ¶ 3, ECF No. 1 Ex. A. One parcel contained a house (the "House Parcel") and the other parcel was undeveloped (the "Bare Parcel"). Compl. ¶ 3. The Huertas received bank financing for the purchase and the bank received a first position trust deed on both parcels. Compl. ¶ 3. The Huertas refinanced the loan two times, once in 2006 and again in 2008. Compl. ¶ 4. When the Huertas refinanced in 2008, the bank agreed that the loan was secured by a trust deed with only the House Parcel as collateral. Compl. ¶ 4. In other words, after 2008, the Bare Parcel did not secure any loan and the Huertas owned it free and clear. Compl. ¶ 4. In February 2012, the Huertas defaulted on the loan and the loan was purchased by and assigned to Wells Fargo. Compl. ¶¶ 7-8.

Wells Fargo began judicial foreclosure proceedings in Marion County. In September 2012, Wells Fargo filed a complaint for declaratory relief and deed of trust foreclosure. *Wells Fargo v. Huerta*, Case No. 12C21744, ECF No. 6-1.[1] Wells Fargo also sought declaratory relief to reform the trust deed to include the Bare Parcel. ECF No. 6-1; Compl. ¶ 10. The Huertas received notice of the complaint, but failed to appear or respond because they did not believe the 2012 foreclosure would affect their rights to the Bare Parcel. As alleged by the Huertas:

> The Complaint in the Foreclosure Case was misleading and confusing and did not clearly convey to lay people such as the Huertas that it was acting to unilaterally collateralize the Bare Parcel, which was free and clear.

Compl. ¶ 13.

---

[1] Wells Fargo asks that this Court take judicial notice of the state court filings related to the 2012 judicial foreclosure. ECF No. 6. Plaintiffs did not object. This Court takes judicial notice of the state court filings under Federal Rule of Evidence 201.

2—Opinion and Order

The Marion County Circuit Court entered default judgment against the Huertas in May 2013. ECF No. 6-2; ECF No. 6-3. Two years later, in February 2015, the House Parcel and the Bare Parcel were sold in a sheriff's sale to U.S. Bank Trust, National Association. Compl. ¶ 15.

On May 3, 2016, the Huertas moved to set aside the Marion County default judgment. ECF No. 6-4. The Huertas alleged that the default judgment should be set aside because of lack of adequate notice, inadvertence, surprise, neglect, fraud, misrepresentation, and other misconduct by Wells Fargo. ECF No. 6-4. Specifically, the Huertas alleged that Wells Fargo obtained the equivalent of an illegal deficiency judgment by reforming the trust deed to include the Bare Parcel . ECF No. 6-4.   In August 2016, after hearing oral arguments, the Marion County Circuit Court denied the Huertas' motion to set aside the default. ECF No. 6-5.

Rather than appealing that ruling to the Oregon Court of Appeals, the Huertas filed the current Complaint. Similar to their arguments in the motion to set aside the default judgment, the Huertas allege here that Wells Fargo breached the covenant of good faith and fair dealing by obtaining the equivalent of an illegal deficiency judgment because it was not entitled to the Bare Parcel. As a result, Wells Fargo was allegedly unjustly enriched. Compl. ¶¶ 5-7.

## STANDARD OF REVIEW

To survive a motion to dismiss under rule 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

3—Opinion and Order

While considering a motion to dismiss, the court must accept all allegations of material fact as true and construe them in the light most favorable to the non-movant. *Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless the court "determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

Wells Fargo argues that the Huertas' claims should be dismissed on grounds of claim preclusion, issue preclusion, and Oregon's anti-SLAPP statute. This Court finds that the Huertas' unjust enrichment claim is not barred by any preclusion doctrines presented by Wells Fargo. However, the Huertas' claim of a breach of the implied warranty of good faith and fair dealing is precluded.

### I.    Claim Preclusion

When analyzing the preclusive effect of a state court judgment, courts turn to that state's preclusion principles. *Readylink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d, 760 (9th Cir. 2014). Thus, this Court applies Oregon preclusion law. The Oregon Supreme Court summarized the doctrine of claim preclusion:

> a plaintiff who has prosecuted one action against a defendant through to a final judgment binding on the parties is barred on res judicata grounds from prosecuting another action against the same defendant where the claim in the second action is one which is based on the same factual transaction that was at issue in the first, seeks a remedy additional or alternative to the one sought earlier, and is of such a nature as could have been joined in the first action.

*Rennie v. Freeway Transport*, 294 Or. 319, 323 (1982).

4—Opinion and Order

Although claim preclusion typically applies to claims that could have been brought in the first action, it does not apply when, absent a compulsory counterclaim statute, a plaintiff failed to raise a counterclaim in the earlier action. *Ram Tech. Servs. Inc. v. Koresko*, 240 Or. App. 620, 630-31 (2011). Stated another way, claim preclusion does not "create a law of compulsory counterclaim in Oregon." *Id.* at 631 (quoting *Burlington Northern Inc. v. Lester*, 48 Or. App. 579, 583 (1980)). Absent a statute providing otherwise, there is no compulsory counterclaim law in Oregon. *Burlington Northern*, 48 Or. App. at 583.

The Huertas' claim of unjust enrichment is not barred by the doctrine of claim preclusion. Although Wells Fargo argues the Huertas could have raised unjust enrichment as an affirmative defense in the earlier proceeding, there is no compulsory counterclaim statute forcing the Huertas to do so.

Additionally, the Huertas bring an equitable unjust enrichment claim here, which is different from the uncontested foreclosure proceeding and the motion to set aside the foreclosure.[2] In the state court proceedings, the Huertas sought to litigate the rightful ownership of the Bare Parcel. In the current proceeding, the Huertas allege that Wells Fargo was unjustly enriched when it reformed the trust deed and received proceeds from its sale despite never paying for the Bare Parcel. The Huertas do not contest the foreclosure or seek to have the judgment of the foreclosure set aside. The foreclosure dealt with the legal right of a party to take certain actions regarding certain real property. Those issues were litigated in state court. The Huertas do not seek title to the property. Instead, the Huertas bring an equitable claim, essentially arguing Wells Fargo got something for nothing at the expense of the Huertas.

---

[2] Similarly, the doctrine of issue preclusion does not bar the Huerta's unjust enrichment claim because it requires an identical issue in the previous proceeding, which is not met here. *See Nelson v. Emerald People's Util. Dist.*, 318 Or. 99, 104 (1993). The unjust enrichment issue was not litigated and was not "essential to a final decision on the merits" of the state court foreclosure proceeding. *Id.*

5—Opinion and Order

On the other hand, the Huertas' claim that Wells Fargo breached the implied warranty of good faith and fair dealing is barred by claim preclusion. The Huertas allege that Wells Fargo breached the duty of good faith and fair dealing when Wells Fargo added the Bare Parcel to the foreclosure proceedings. This claim, based on the deed of trust, could have been readily disposed of in the state court proceedings and is based on the same factual transaction at issue in the foreclosure proceedings. Unlike the claim of unjust enrichment, which is an equitable claim, the breach of good faith and fair dealing is a contract claim. The contract, i.e., the deed of trust, was the subject at the heart of the judicial foreclosure proceedings. The Huertas are barred from raising that claim here.

## II.    Oregon's anti-SLAPP Statute

ORS 31.150 provides that a defendant may make a special motion to strike under the following circumstances:

> (2)  A special motion to strike may be made under this section against any claim in a civil action that arises out of:
>
> (a)  Any oral statement made, or written statement or other document submitted, in a legislative, executive or judicial proceeding or other proceeding authorized by law;
>
> (b)  Any oral statement made, or written statement or other document submitted, in connection with an issue under consideration or review by a legislative, executive or judicial body or other proceeding authorized by law;
>
> (c)  Any oral statement made, or written statement or other document presented, in a place open to the public or a public forum in connection with an issue of public interest; or
>
> (d)  Any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.
>
> (3)  A defendant making a special motion to strike under the provisions of this section has the initial burden of making a prima facie showing that the claim

against which the motion is made arises out of a statement, document or conduct described in subsection (2) of this section. If the defendant meets this burden, the burden shifts to the plaintiff in the action to establish that there is a probability that the plaintiff will prevail on the claim by presenting substantial evidence to support a prima facie case. If the plaintiff meets this burden, the court shall deny the motion.

ORS 31.150. Oregon's anti-SLAPP statute does not bar the Huertas' claim of unjust enrichment. As described above, the unjust enrichment claim is not based on anything stated or filed in the state court proceeding. It is an equitable claim based on Wells Fargo receiving value for something it did not pay for.

The breach of good faith and fair dealing claim, however, is based in part on the allegation that "The Complaint filed in [the state proceedings] did not fairly or readily put a consumer on notice as to Wells Fargo's intentions to add the Bare Parcel to the foreclosure action." Resp., 19. Even if this claim is not barred by claim preclusion, it is likely barred by Oregon's anti-SLAPP statute as it is based entirely on the filings Wells Fargo made during the foreclosure proceedings.

## CONCLUSION

Wells Fargo's motion to dismiss, ECF No. 5 is GRANTED as to the breach of good faith and fair dealing claim, and DENIED as to the unjust enrichment claim.

IT IS SO ORDERED.

DATED this 1st day of March, 2017.

_____/s/ Michael J. McShane_____
Michael McShane
United States District Judge

7—Opinion and Order